## OLOFF HAWKINSON

*v.*

## PETER OLSON.

1. ASSIGNOR—*whether liable.*    In order to render the assignor of a promissory note liable, under our statute, the maker must be sued, if solvent, and if not, neither suit nor demand is necessary.

2. And it is immaterial whether the assignment was made before or after the maturity of the note.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

The opinion states the case.

Messrs. KITCHELL & ARNOLD, for the appellant.

Mr. A. M. CRAIG, for the appellee.

PER CURIAM: This was an action of assumpsit, brought by the endorsee against the endorser of a promissory note for $75.    The plaintiff recovered the amount paid by him to the endorser, and the defendant appealed.    Objection is taken to

the first and third instructions given for the plaintiff, which were as follows :

"1st. The jury are instructed that if they believe, from the evidence, that, on or about the last of January or first of February, 1867, Hawkinson sold to Olson the note shown in evidence, and then and there endorsed the same to him by writing his name on the back of said note, and that at the time of said sale, and since the making of said note, Bergen & Sisson were insolvent, then the jury will find for the plaintiff the amount due on said note, unless the jury believe, from the evidence, that it was the intention of the parties that Hawkinson should not be liable.

"3d. The jury are instructed that it is immaterial in this case as to what idea the defendant had, or what his opinion was, as to his liability as endorser of the note. If the jury are satisfied, from the evidence, that the defendant sold the note to plaintiff and endorsed the same to him, and nothing was said at the time as to whether he should be liable or not, in law he is liable as endorser."

These instructions lay down the law with entire accuracy, except as to the measure of damages, and the error in that respect worked the defendant no harm, as it was corrected by a subsequent instruction, and the verdict was only for the sum paid by the plaintiff. It is objected that these instructions do not require a demand upon the maker. None was necessary. Under our statute, the maker must be sued, if solvent, and if not, neither demand nor suit is necessary, and it is immaterial whether the endorsement was before or after the maturity of the note.

It is also urged that the evidence shows the endorser was not to be liable, and the endorsement should be treated as made without recourse. Without considering the question, whether the legal effect of a blank endorsement can be thus

qualified by parol proof, it is sufficient to say that the question of the intent of the parties was left to the jury, and there is no good ground for setting aside their verdict.   The judgment must be affirmed.

*Judgment affirmed.*